UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ALFRED KAMARA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 23-2260 (UNA) |
| | : | |
| PRESIDENT TRUMP, | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM OPINION**

This matter is before the Court on plaintiff's application to proceed *in forma pauperis* (ECF No. 2) and his *pro se* complaint (ECF No. 1). For the following reasons, the Court will grant the application, and dismiss the case without prejudice.

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). And it must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Twombly*, 550 U.S. at 556). Although a *pro se* complaint is "held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted), it "must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct,'" *Atherton v. District of Columbia Office of the Mayor*, 567 F.3d 672, 681-82 (D.C. Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678-79). As drafted, the complaint fails to meet these standards.

1

In its entirety, the complaint states:

> I am suing 500 million dollars for harassment during my active duty tenure in the Army. I was spygated unprofessionally to the point my physical and mental state got disturbed severely.

Compl. at 1. In no way does this pleading state a facially plausible legal claim. Missing, for example, are any facts describing the harassment plaintiff allegedly suffered, or indicating dates of plaintiff's military service, or establishing a connection between plaintiff's injuries and the action or inaction of the named defendant. Accordingly, the Court will dismiss the complaint and this civil action without prejudice. An Order is issued separately.

DATE: March 17, 2024

*/s/ Carl J. Nichols*
CARL J. NICHOLS
United States District Judge